IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JESUS JARET LEGUILLOW-COLON, <br><br> Defendant. | CRIMINAL NO. 15-216 (GAG) |

## REPORT AND RECOMMENDATION

Defendant Jesús Jaret Leguillow-Colón was charged in a two count Indictment and he agreed to plead guilty to Count One the Indictment. Count One charges Defendant with Coercion and Enticement /Attempt, in violation of Title 18, United States Code, Section 2422(b).

On January 4, 2017, Defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court. Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Count One of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1] Upon verifying through Defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and

---

[1] The form entitled Consent to Proceed before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to Defendant's competency and ability to understand the proceedings.

Having further advised Defendant of the charges contained in above stated Count One, he was examined and verified as being correct that he had consulted with his counsel AFPD Laronda R. Martin, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with her all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict.  He was also waiving his right to be presumed innocent and for the Government to meet the obligation of establishing his guilt beyond a reasonable doubt.  Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf.  He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify.  Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or

decision as to his guilt could be made from the fact, if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, Defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, Defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty. The penalty for the offense charged in Count One of the Indictment is a term of imprisonment of not less than ten (10) years, or for life; a fine of not more than two hundred and fifty thousand dollars ($250,000.00), and a term of supervised release of any term of years not less than five (5), or life, in accordance with Title 18, United States Code, Sections 3583(k).

The Court must further impose a mandatory special monetary assessment of one hundred dollars ($100.00), per count of conviction, which the Defendant agrees to pay, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a).

Pursuant to the "Justice for Victims Trafficking Act of 2015," Title 18, United States Code, Section 3014, the Court shall access an amount of five thousand dollars ($5,000.00), per relevant count, for a total of five thousand dollars ($5,000.00), on any non-indigent person or entity convicted of an offense under: a) Chapter 77 (relating to peonage, slavery, and trafficking in persons); b) Chapter 109A (relating to sexual abuse); c) Chapter 110 (relating to sexual exploitation and other abuse of children); d) Chapter 177 (relating to transportation for illegal sexual activity and related crimes); or, e) Section 274 of the "Immigration and Nationality Act" (Title 8, United States Code, Section 1324) (relating to human smuggling) unless the person induced, assisted, abetted, or aided only an individual who at the time of such action was the alien's spouse, parent, son, or daughter (and no other individual) to enter the United States in violation of law.

The Defendant is aware that the Court may, pursuant to Section 5E1.2 of the Sentencing Guidelines Manual, order the Defendant to pay a fine sufficient to reimburse the Government for the costs of any imprisonment, probation or supervised release ordered and also the Court may impose restitution. As part of this Plea Agreement, the Defendant agrees to produce complete information regarding all restitution victims and Defendant agrees to execute a financial statement to the United States (OBD Form 500). The United States will make no recommendations as to the imposition of fines or restitution.

Having ascertained directly from Defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had

Case 3:15-cr-00216-GAG Document 62 Filed 01/10/17 Page 5 of 9

<u>United States of America v. Jesús Jaret Leguillow-Colón</u>
Criminal No. 15-216 (GAG)
Report and Recommendation
Page 5

been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea Agreement (Pursuant to Rule 11(c)(1)(B) FRCP)" ("the Agreement") and the "Plea Agreement Supplement"[2] were shown to Defendant, verifying his signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Count One, as to which Defendant already was aware of the maximum possible penalties, Defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be.  Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, Defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

The above-captioned parties' estimate an agreement that appears on page four (4), paragraph eight (8) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained.  As to Count One, pursuant to USSG §2G1.3(a)(3), the base offense level shall be of twenty eight (28). An increase of two (2) levels is warranted for use of a computer, pursuant to USSG §2G1.3(b)(3). A decrease of three (3) levels is agreed for acceptance of responsibility, pursuant to USSG §3E1.1.  Therefore, the total adjusted offense level is of twenty seven (27).  This total adjusted offense level yields an imprisonment range of seventy (70) to

---

[2] Defendant acknowledged discussing the "Plea Agreement Supplement" with his counsel and stated he understood the terms and consequences of the same.  Defense counsel recognized she explained to Defendant the content of the "Plea Agreement Supplement" and explained to Defendant its consequences.

eighty seven (87) months, assuming a criminal history category of I.

The parties do not stipulate any assessment as to Defendant's criminal history category.

After due consideration of the relevant factors enumerated in Title 18, United States Code, Section 3553(a), the parties agree to recommend a term of imprisonment of ten (10) years, or one hundred twenty (120) months, which is the statutory minimum term for the offense charged in Count One of the Indictment, that is, Coercion and Enticement/Attempt, in violation of Title 18, United States Code, Section 2422(b).

The United States and the Defendant agree that no further departures or variance shall be sought by the parties. Should either party request an additional departure, adjustment or variance, it shall constitute a breach of the plea agreement and grounds for the other party to request a withdrawal from the terms of this plea agreement.

At sentencing, the United States shall request the dismissal of the remaining count, that is, Count Two of the Indictment.

Defendant acknowledges that by pleading guilty and entering into this plea agreement, he will be required to register as a "Sex Offender" pursuant to the Sex Offender registration and Notification Act ("SORNA" or "the Act"), which was enacted under Title I of the Adam Walsh Child Protection and Safety Act of 2006 (P.L. 109-248), codified at the Title 18, United States Code, Section 2250 and Title 42, United States Code, Section 16913. As a registered Sex Offender, Defendant further understands that his status as a convicted Sex Offender, and related information, will be made public.

As part of the written Agreement, the Government, the Defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The Government presented to this Magistrate Judge and to Defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the Government had available to establish, in the event Defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and Defendant acknowledged the evidence of the Government was fully disclosed to them and previously discussed between the two. Defendant was also read and shown a document entitled "Statement of Facts", which had been signed by Defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the Government also appears. Defendant was able to understand the explanation and agreed with the Government's submission.

Defendant was explained that the Agreement with the Government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which Defendant, his attorney and the Government, have entered.

Having once more ascertained that Defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, Defendant was informed that parole has been abolished under the Advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being

<u>United States of America v. Jesús Jaret Leguillow-Colón</u>
Criminal No. 15-216 (GAG)
Report and Recommendation
Page 8

---

released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the Government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea. Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law. With few exceptions, any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains a waiver of appeal in paragraph ten (10) which was read to Defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with her client.

Defendant waived the reading of the Indictment in open court because he is aware of its content, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count One was what he had done and to which he was pleading guilty during these proceedings. Thereafter, Defendant expressed in no uncertain terms that he agreed with the

<u>United States of America v. Jesús Jaret Leguillow-Colón</u>
Criminal No. 15-216 (GAG)
Report and Recommendation
Page 9

---

Government's evidence as to his participation in the offense. Thereupon, Defendant indicated he was pleading guilty to Count One of the Indictment in Criminal No. 15-216 (GAG).

This Magistrate Judge after having explained to the Defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Indictment in Criminal No. 15-216 (GAG).

IT IS SO RECOMMENDED.

The sentencing hearing is set for May 2, 2017 at 9:00 am before Honorable Gustavo A. Gelpí, District Judge.

The parties have fourteen (14) days to file any objections to this report and recommendation. Amended Fed. R. Crim P. 59 (b)(2). <u>See</u> <u>also</u> Amended Local Rules. Failure to file same within the specified time waives the right to appeal this order. <u>Henley Drilling Co. v. McGee</u>, 36 F.3d 143, 150-151 (1st Cir. 1994); <u>United States v. Valencia</u>, 792 F.2d 4 (1st Cir. 1986). See <u>Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.</u>, 840 F.2d 985, 991 (1st Cir. 1988).

San Juan, Puerto Rico, this 5th day of January of 2017.

                         s/ CAMILLE L. VELEZ-RIVE
                         CAMILLE L. VELEZ-RIVE
                         UNITED STATES MAGISTRATE JUDGE